UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT LaBAR, individually and as the Successor in Interest of the Estate of PHILLIP LaBAR, deceased,

Plaintiff,

v.

COUNTY OF PLACER; SOUTH PLACER COUNTY JAIL; WELLPATH MANAGEMENT, INC., a foreign corporation, ROSIE STRIKA, LVN; HOLLY CAMBRA, RN; and DOES 1 to 100, inclusive,

Defendants.

No. 2:20-cv-00902-MCE-CKD

**MEMORANDUM AND ORDER**

Through this action, Plaintiff Scott LaBar, individually and as the Successor in Interest of the Estate of Phillip LaBar, deceased, ("Decedent"), (collectively "Plaintiff") seeks to recover damages against the County of Placer ("County"), South Placer County Jail ("SPCJ"), WellPath Management Inc., a foreign corporation, ("WellPath"), Rosie Strika, LVN ("Strika"), and Holly Cambra, RN ("Cambra"), and DOES 1 to 100, inclusive, (collectively "Defendants"). Plaintiff alleges that Defendants, among other things, failed to protect Decedent from harm while incarcerated in violation of the Fourteenth Amendment of the Constitution of the United States pursuant to 42 U.S.C. § 1983. Presently before the Court is the County's Motion to Dismiss the First Amended

Complaint ("FAC") against it in its entirety. ECF No. 8 ("Motion"). For the reasons that follow, that Motion is GRANTED with leave to amend.[1]

## BACKGROUND[2]

On July 21, 2019, at approximately 10:05 p.m., Decedent, a 32-year-old male, was arrested and taken to the SPCJ, where he was booked. At the time, Decedent was known to suffer from substance abuse (heroin) and a stomach ulcer. Decedent received a medical intake and screening, where he was asked numerous questions about his health, including drug history and withdrawal potential. Decedent was then "administered APAP/CODEINE #3, 2 TABS CLONIDINE, 1 TAB GABAPENTIN, 1 CAP…by mouth, per [Clinical Opiate Withdrawal Scale ("COWS")] protocol." ECF No. 6, ¶ 36.

On July 24, 2019, Defendant Cambra recorded several medical notes concerning Decedent's condition. In particular, Defendant Cambra noted that Decedent was suffering from "withdrawals from 3 grams of heroin," "[p]upils not concurrent with opiate use," possible "stomach bursting because of [Decedent's] ulcer." At this point, Decedent was "treated and sent back to the tank." However, Decedent collapsed in the hall on his way back. Defendant Cambra then noted, "[Decedent's] eyes were dilated to 9mm…[that] would contraindicate heroin use." Defendants – without an ordering physician – then administered Decedent several rounds of Narcan with no response. Decedent was subsequently pronounced dead. As a result of Defendants' failure to perform a complete examination and diagnosis, Decedent suffered septic shock due to a perforated ulcer of the duodenum and died.

///

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The material facts of this matter do not appear in dispute. Thus, the following recitation of facts is taken from Plaintiff's FAC, ECF No. 6.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotation marks omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotation marks omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must

be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Plaintiff alleges that the County is directly responsible for Decedent's death under Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Plaintiff argues that Defendants' policies, practices, and customs caused Decedent's death because he was refused medical care "based on the false premise" Decedent's symptoms were attributed to heroin withdrawal, and the failure to "perform a complete examination and diagnos[is]" resulted in Decedent's "Septic Shock due to a perforated

ulcer of the duodenum." FAC. ¶¶ 40-55. The County moves to dismiss Plaintiff's Monell claims against it, however, because no "similar incidents of unconstitutional activity" were alleged in the FAC, and Plaintiff did not "demonstrate the existence of a custom, policy, or practice." ECF No. 8-1 at 4.

Municipalities and local officials cannot be vicariously liable for the conduct of their employees under § 1983, but rather are only "responsible for their own illegal acts." Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell, 436 U.S. at 665-83). In other words, a municipality may only be liable where it individually caused a constitutional violation via "execution of government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694.

The Supreme Court made clear that plaintiffs may not merely allege that a municipal employee wronged them to achieve success on a Monell claim. "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 405 (1997) (emphasis added). Similar demands apply to allegations of inadequate training. See City of Canton, Ohio v. Harris, 489 U.S. 378, 389-91 (1989). Following Twombly and Iqbal, the Ninth Circuit held that plaintiffs alleging Monell claims must provide allegations that are not mere recitations of the elements of such a claim, and such facts must plausibly suggest entitlement to relief. AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012); see, e.g., Dougherty v. City of Covina, 654 F.3d 892, 900-01 (9th Cir. 2011).

Here, Plaintiff offers only conclusory allegations in support of Monell liability. See generally, ECF No. 6. The facts as alleged regarding this single instance involving Decedent fails to demonstrate plausible deficiencies in Defendants' policies, procedures, and customs constituting deliberate indifference to provide adequate medical care to

SPCJ inmates. See, e.g., ECF No. 10 at 13 ("Plaintiff has set forth allegations to support a claim of failure to adequately hire, screen, train, retain, supervise, discipline, counsel and control its medical and jail custody employees and/or agents…"); cf. Harris, 489 U.S. at 385 ("[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."). These conclusory allegations fail pleading requirements under Monell. See AE ex rel. Hernandez, 666 F.3d at 637.

Furthermore, because Plaintiff's federal claims fail, this Court lacks jurisdiction over the remaining state law claims. Accordingly, all of Plaintiff's claims alleged in the FAC against the County are DISMISSED with leave to amend.

## CONCLUSION

In consideration of the foregoing, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED. The claims against the County are DISMISSED with leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is timely filed, the cause of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: September 27, 2021

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE